<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VICTOR A. OSORIO,<br><br>     Plaintiff,<br><br>v.<br><br>BARRINGTON BANK & TRUST<br>COMPANY, N.A., et al.,<br><br>     Defendants. | Civil Action No. 26-04897 (SDW) (JSA)<br><br>**WHEREAS OPINION & ORDER**<br><br>May 11, 2026 |

**THIS MATTER** having come before this Court upon Plaintiff Victor Osorio's ("Plaintiff") filing of a Complaint (D.E. 1) and an application to proceed *in forma pauperis*, (D.E. 1-2 ("IFP application")), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure ("Rule") 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); and

**WHEREAS** pursuant to Rule 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The complaint must apprise the defendant with "fair notice of what the claim is and the

1

grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and

**WHEREAS** although federal courts liberally construe *pro se* complaints and hold them "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the complaint must still state a plausible claim for relief, *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014). The legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Rule 12(b)(6). *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). *Pro se* litigants "must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), and those factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); and

**WHEREAS** Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint fails to provide a clear statement of what his claims are and also fails to provide any factual allegations sufficient to support a claim entitling Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2). Nor does Plaintiff allege any facts establishing this Court's jurisdiction over the matter. *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 (D.N.J. 2003)(stating that at the pleading stage, a plaintiff must allege facts sufficient to establish his standing to invoke a court's jurisdiction); and

**WHEREAS** this Court cannot properly determine Plaintiff's financial status and whether he is eligible to proceed IFP because Plaintiff's IFP application is incomplete. *See Mawalla v. Lakewood Police Dep't*, No. 23-1083, 2023 WL 5985176, at *2 (D.N.J. Sept. 14, 2023) (denying

2

IFP application without prejudice where plaintiff did not complete all boxes on IFP form); *Rentas v. New Jersey State Parole Bd.*, No. 20-00737, 2020 WL 423406, at *1 (D.N.J. Jan. 27, 2020) (requiring plaintiff to complete IFP application "in full before the Court can consider it"). Accordingly, Plaintiff's application is denied without prejudice; therefore

**IT IS**, on this 11th day of May 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE**.  Plaintiff shall have thirty (30) days to file an Amended Complaint; failure to do so shall result in the matter being dismissed with prejudice.

**SO ORDERED**.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk
cc:        Parties
           Jessica S. Allen, U.S.M.J.